United States Courts
Southern District of Texas
FILED

OCT 25 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENNETH MITCHELL** | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civil Action |
| | § | |
| **CITY OF HOUSTON** | § | **18 CV 4 0 5 2** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Kenneth Mitchell, hereinafter called Plaintiff, complaining of and about City of Houston and Houston Police Department's Chief, Art Acevedo, hereinafter called Defendants, and for cause of action would show unto the Court the following:

### INTRODUCTION

1. City of Houston's Police Chief Art Acevedo retaliated, under the color of law, against the plaintiff, a low-level government employee, individually and through his agents against the Plaintiff, for statements Plaintiff made in an email of public concern. The Plaintiff first made aware to the chain of command, an issue that was not in the scope of his duties as a patrol officer concerning a strategic decision undertaken by upper management. The email was sent to an influential citizen who was the former chairman of a local public safety committee and then president of the local chambers of commerce. Upon receipt, the citizen forwarded the email to the nearby Harris County Constable, Harris County Sheriff's District Commander, Mall Manager (over saw a security department that employed off-duty Houston Police Department "HPD" officers), and head of local hospital security (also employed off-duty HPD). The City of Houston unreasonably claimed Plaintiff caused alarm in the community preventing them from

responding to the area of concern in the email and, thereafter constructively fired Plaintiff.

## PARTIES AND SERVICE

2. Plaintiff, Kenneth Mitchell, is an Individual whose address is 20418 Weald Way St. Spring, TX.

3. Defendant City of Houston, is a municipal entity, located in Harris County, Texas, and operates the Houston Police Department. The City of Houston can be served with process by serving the City Secretary, at 900 Bagby, Houston, Texas 77002.

4. Defendant Art Acevedo is being sued in his capacity as the City of Houston Police Chief, and can be served at 1200 Travis St. Houston, TX 77002. Service of said Defendants as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The jurisdiction of this lawsuit is proper in the United States District Court for the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1331 and 1343 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Houston Division of the Southern District of Texas as the events giving rise to the cause of action in this lawsuit occurred within the Southern District of Texas and within the parameters of the Houston Division. Therefore, venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391.

7. Venue is proper for the individual Defendants pursuant to 28 U.S.C. § 1391 because individual Defendants committed violations under the color of law, acts or omissions in this district of the United States District Court.

8. This action is brought pursuant to 42 U.S.C. § 1983 and various other state laws and common law.

## FACTS

9. At all times material hereto, Defendant City of Houston Police Department a government organization was headed by Chief Acevedo who acted under the color of law.

10. Kenneth Mitchell was employed as a police officer by the City of Houston under the supervision of Chief Art Acevedo working at the Willowbook storefront an isolated annexed part of the city that is surrounded by unincorporated Harris County.

11. During the time Chief Art Acevedo decided to reorganize and create a new division called Northbelt Division, and appointed Captain Dale Edwards to command the division.

12. Captain Edwards decided that he would centralize the division in Greenspoint, despite the sprawling area, Greenspoint and Willowbrook are separated by unincorporated Harris County, and protest from supervisors and officers.

13. Kenneth Mitchell made his views known to his supervisors. On March 22, 2018, Kenneth Mitchell then made contact with Larry Lipton, who wanted an email to inform him of the situation so he could advocate on the officers' behalf to keep officers reporting to Willowbrook.

14. Larry Lipton worked earlier that month with Jay Coons as reported in the Houston Chronicle with a plan to decentralize the Sheriff's department for better response in the jurisdiction that separates Willowbrook from Greenspoint.

15. Larry Lipton forwarded the email to the Willowbrook Mall manager that was responsible for a large security detail, Willowbrook Methodist Hospital's Director of Security, Harris County Sheriff's Captain Jay Coons, and Harris County Precinct 4 Constable Mark Hermann.

16. Captain Dale Edwards was made aware of the email, and set his lieutenants out to find out who did it. Larry Lipton would not tell unless they figured it out who did it themselves.

17. Sergeant Jason Finn was contacted and told Lieutenant Lummus, because Captain Edwards and Lummus were thinking it was a Sergeant Greg Brown, and Sergeant Finn did not want them to retaliate against Sergeant Greg Brown anymore, due to the trouble he got into with Captain Edwards for going to the Union.

18. Kenneth Mitchell was then sent to dispatch from patrol, despite during every IAD investigation never being sent away from his assignment.

19. Kenneth Mitchell was eventually told by Captain Dale Brown he couldn't be trusted and went behind his back, and Captain Dale Brown asked why he had to go to such a prominent citizen.

20. Captain Brown recommended a Category "D" suspension, the aggravating factor was that Kenneth Mitchell caused alarm to the community about public safety, despite the only people who knew were involved in public safety.

20. Kenneth Mitchell was recommended Category "E" (indefinite suspension) and was relieved of duty until he was to meet the Chief for a *Loudermill* hearing that would either offer him to keep his job and sign all legal rights away or be terminated.

21. Chief Art Acevedo agreed, despite violating Houston Police Officers to not quit during IAD investigations with honorable discharges, to allow Kenneth Mitchell to quit on July 13, 2018 with an honorable and dropped the "independent" internal affairs investigation completely.

## PROXIMATE CAUSE

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the damages set forth below.

## EXEMPLARY DAMAGES

19. Defendant City of Houston's acts or omissions described above, when viewed from the standpoint of Defendant City of Houston at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant City of Houston had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant City of Houston.

## DAMAGES FOR PLAINTIFF, KENNETH MITCHELL

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Kenneth Mitchell was caused to suffer grievous damages causing him loss of future and past income, future income, the difference between the retirement of what Plaintiff received versus he would have realized, loss of health insurance, embarrassment, stress, anxiety, past mental anguish, future mental anguish, and the loss of health insurance for his family.

23. By reason of the above, Plaintiff, Kenneth Mitchell has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kenneth Mitchell, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed; together with pre-judgment interest (from the date of damage through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Kenneth Vern Mitchell
Texas Bar No. 24107865
Email: kenneth@kvmlawfirm.com
5206 ~~5602~~ FM 1960 WEST
Suite #105
HOUSTON, TX 77069
Tel. (832) 797-8611
Fax. (281) 858-2077
Pro Se

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**